1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **CENTRAL DISTRICT OF CALIFORNIA**
10
11  ROBERTO ARAUZ,                          Case No. CV 18-7556-JFW (AFM)
12                    Petitioner,
                                            **ORDER SUMMARILY**
13                                          **DISMISSING PETITION FOR**
         v.                                 **WRIT OF HABEAS CORPUS FOR**
14                                          **LACK OF SUBJECT MATTER**
    SUPERIOR COURT OF                       **JURISDICTION**
15  CALIFORNIA, COUNTY OF
16  LOS ANGELES, et al.,
17                    Respondents.
18
19          In 2012, petitioner was convicted of forcible oral copulation, forcible
20  sodomy, and forcible rape. He is currently incarcerated in state prison, serving a
21  sentence of 46 years to life. (Petition at 2.)
22          In 2014, petitioner filed a habeas corpus petition in this Court challenging his
23  2012 conviction, raising three claims for relief. Case No. CV 14-6669-JFW (AFM).
24  Judgment denying the petition on the merits was entered on August 5, 2016.
25  Petitioner's requests for a certificate of appealability were denied both by this Court
26  and by the Ninth Circuit.
27          The current petition for a writ of habeas corpus, filed on August 29, 2018,
28  again seeks to challenge petitioner's 2012 conviction, raising five new claims for

relief. (Petition at 5-7.)

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

The Court lacks jurisdiction to consider this successive petition because petitioner has not obtained leave from the Court of Appeals. Furthermore, to the extent that petitioner might contend that his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals. Accordingly, the petition is dismissed for lack of jurisdiction.[1]

IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED:     September 10, 2018


_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

---

[1]  Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.